**Walter T. COOK, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1882.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Feb. 20, 1962.

Wade & Howard (Virgil Howard), Corpus Christi, Tex., for plaintiff.

Woodrow Seals, U. S. Atty. (William B. Butler, Asst. U. S. Atty.), Houston, Tex., for defendant.

GARZA, District Judge.

This case is before the Court on Motions for Summary Judgment filed by both Plaintiff and Defendant, and has been submitted to the Court on briefs

and on oral argument. The transcript of all of the proceedings and all evidence received in the administrative proceedings relating to the application of Walter T. Cook, the Plaintiff, to establish a period of disability and his claim for disability insurance benefits under Title II of the Social Security Act as Amended, is also before the Court.

The Plaintiff in this case is at present a 60-year old man who had engaged for a livelihood as an oil field worker prior to an automobile accident which occurred on February 7, 1955, and which caused him to receive fractures of both arms and shoulders, the left leg, fingers of the left hand, jaw, and ribs, which he claims made him unable to engage in any gainful activity. He filed an application for monthly disability benefits under 42 U.S. C.A. § 423, and to establish a period of disability (disability freeze) under 42 U.S.C.A. § 416(i), on November 7, 1956.

The Secretary of Health, Education and Welfare denied Plaintiff's claim for a period of disability freeze and for monthly disability insurance benefits, and the Plaintiff has brought this action under Section 205(g) of the Social Security Act as Amended, 42 U.S.C.A. § 405(g), to review the final decision of the said Secretary of Health, Education and Welfare.

The evidence before the Secretary in the administrative hearing is summarized in the decision of the Appeals Council, and it will not be necessary to quote all of the same in order for this Court to render its decision.

The issue made by the Motions for Summary Judgment of both parties is whether or not there is substantial evidence in the record to support the decision of the Secretary that the Plaintiff has failed to establish that he is entitled to a disability freeze under 42 U.S.C.A. § 416(i) or to monthly disability insurance benefits under 42 U.S.C.A. § 423.

The Secretary urges that there is substantial evidence in the record to support his decision. The Plaintiff, on the other hand, maintains that he has dis-charged his burden that he has of proving his inability to engage in any substantial gainful activity by reason of a medically determinable physical impairment which is to be of long-continued and indefinite duration as provided by the Social Security Act.

This Court is aware that the burden is on the Plaintiff to prove that he cannot engage, because of some disability, in substantial gainful employment; and that the power of this Court, under 42 U.S.C.A. § 405(g), is limited. The Court is also aware that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. The review before this Court is not a trial de novo.

In his original claim, the Plaintiff filed his application for benefits based mainly on his condition as a result of the automobile accident of February 7, 1955. The Secretary concedes that the Plaintiff met the coverage requirements through June 30, 1956. In the process of the administrative hearings, the Plaintiff has produced evidence of a heart condition that one doctor claims to be permanently disabling.

The mere fact that a claimant under the Social Security Act does not put in his initial application all the disabilities that he is suffering from, should not prevent him from having the same considered if medical examinations after the application show such condition to exist; for a layman is not required to know his medical condition in terms that medical doctors would use. The fact that the disability as contemplated under the Social Security Act, exists is what controls.

Everyone seems to admit that the Plaintiff in this case cannot engage in his usual type of occupation that he was engaging in before the accident of February 7, 1955. So the question is whether or not he can engage in any other substantial gainful activity.

If this Court looks at the bald statement of the orthopedic consultant who examined the Plaintiff on November 14,

1960, and of the internist consultant who examined him on the same day, as to the disability of the Plaintiff alone, this Court would have to say that there was substantial evidence to support the finding of the Secretary.

If we look at the whole reports, however, we find that this is not so. That the Plaintiff was in a serious automobile accident is undisputed by the record. That he suffered many fractures is also undisputed. He was hospitalized for almost a year after the accident.

If we look at the report of the orthopedic consultant on the examination made on November 14, 1960, some five and one-half years after the accident, we find that although he claims that in his opinion the patient is not totally disabled as a result of the injuries suffered in the automobile wreck, he still found limitation of motion of the right shoulder which is "possibly" amenable to treatment. He also found that the fibrous contractures of the third and fourth fingers of the Plaintiff's left hand are amenable to treatment.

Here we have a man who was seriously injured in an automobile accident and five and one-half years after the accident, he is still needing treatment for his injuries.

The Social Security Statute is clear that if a person suffers a medically determinable physical impairment which can be expected to result in death or to be of long-continued and indefinite duration, the claimant shall be paid benefits. Five and one-half years is certainly enough to be of long-continued duration, and indefinite too, since the orthopedic surgeon uses the word "possibly" in talking about the limitation of motion of the right shoulder being amenable to treatment.

If we look at the report of the consulting internist, we find that in his opinion the Plaintiff does have chest pain, but that he does not feel that it is on the basis of his heart; that the Plaintiff was afraid of doing something that would harm his physical condition.

The internist continues his report by saying that he did not feel that the Plaintiff was disabled, but that he would strongly recommend that he be given an opportunity for vocational rehabilitation.

■ Five and one-half years after the serious automobile accident suffered by the Plaintiff, we find that he is still in need of vocational rehabilitation. A man sixty (60) years of age, who has engaged in heavy oil field work as his means of livelihood, a man of limited education as the Plaintiff is, is now asked to train himself for some type of substantial gainful activity. His age, education, training and experience, combined with the nature and extent of his impairment, are such that this Court finds that he has discharged his burden of proof; and to impose on him the onerous burden of trying to rehabilitate himself at this late stage would be contrary to the purpose of the Social Security Act.

As stated by Circuit Judge Rives, in Aaron v. Fleming, D.C., 168 F.Supp. 291, at page 295, it is not necessary that the applicant for benefits under the Act be "totally helpless and bed-ridden" nor "at death's door".

And as stated by Judge Miller in Dunn v. Folsom, D.C., 166 F.Supp. 44, at page 48, the Social Security Act is concerned, "not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits".

In this Court's opinion, the findings of the Defendant denying the benefits of the Social Security Act to the Plaintiff, which he seeks, are not supported by substantial evidence.

It is, therefore, ordered, and adjudged that the decision of the Defendant be, and it is hereby reversed, and that the cause be remanded with directions to find that Plaintiff is entitled to a disability freeze under 42 U.S.C.A. § 416(i), and to monthly disability insurance benefits under 42 U.S.C.A. § 423.

■ Attorneys for the Plaintiff have also filed in this cause a motion for direct payment of attorney's fees.

Since the Plaintiff is not an incompetent, the question of attorney's fees is something between the Plaintiff and his attorneys, and said motion will be overruled.

The Clerk will notify Counsel to submit an appropriate order, and serve them with a copy of this memorandum opinion.